UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alejandro BAUTISTA MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>Respondents. | Case No.: 25-cv-3695-AGS-BJW<br><br>**ORDER REQUIRING RESPONSE** |

Petitioner Alejandro Bautista Martinez, who is in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241 and moves for a temporary restraining order. (*See* ECF 1; ECF 2.)

As for his habeas petition, at this stage he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Bautista Martinez "has resided in the United States since 2003." (ECF 1, at 11.) In "October [] 2025," petitioner was "arrested" and "placed into removal proceedings." (*Id*.) On "December 12, 2025," an immigration judge denied Bautista Martinez bond, finding that he was "an applicant for admission." (*Id*. at 12). This classification comes from the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which held that immigration judges lack jurisdiction in cases like Bautista Martinez's. *Id*. at 229 n.8. He challenges the government's position that petitioner is an "applicant for admission" and thus a "mandatory detainee" under "8 U.S.C. § 1225." (ECF

1, at 2.) He asserts that, because he entered the United States "in 2003," he is not an applicant for admission, and instead would be "eligible for release on bond" under "8 U.S.C. § 1226(a)." (*Id.* at 1, 3.) This statutory misclassification, he argues, renders his detention "unlawful." (*Id.* at 12.)

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "have prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

By **January 2, 2026**, respondent must answer the petition and respond to the injunctive-relief motion. Any reply by petitioner must be filed by **January 9, 2026**. The Court will hold oral arguments on the petition and injunctive-relief motion on **January 15, 2026**, at **3:00 p.m.**

Dated:  December 23, 2025

Hon. Andrew G. Schopler
United States District Judge